# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

June 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FORTUNE BRANDS HOME AND SECURITY,**
**Employer Below, Petitioner**

**vs.)    No. 15-0774** (BOR Appeal No. 2050108)
(Claim No. 2014022009)

**CHARLES POLING,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Fortune Brands Home and Security, by Denise Pentino and Aimee Stern, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charles Poling, by M. Jane Glauser, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 13, 2015, in which the Board reversed a December 4, 2014, Order of the Workers' Compensation Office of Judges, held the claim compensable for right carpal tunnel syndrome and right ulnar neuropathy/cubital tunnel syndrome[1], and authorized surgical intervention. In its Order, the Office of Judges affirmed the claims administrator's February 11, 2014, and March 7, 2014, decisions rejecting the claim and denying a request for surgical intervention. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Poling, a maintenance technician, alleges that he developed carpal tunnel syndrome and cubital tunnel syndrome/ulnar neuropathy in the course of his employment. Treatment notes dated June 8, 2012, indicate Mr. Poling was injured at work when a drum struck him in the face.

---

[1] Cubital tunnel syndrome and elbow ulnar nerve neuropathy are the same condition.

1

[2] He was treated by Andrea Huffman, M.D., who indicated in a treatment note on September 7, 2012, that Mr. Poling reported neck pain, headaches, numbness in his arm and hand, and back pain. It was noted that he sustained a facial fracture at work on June 8, 2012. On September 24, 2012, he continued to have neck and nerve pain that radiated down his right arm and into his fourth and fifth fingers. Dr. Huffman diagnosed cervicalgia and headache. An EMG and nerve conduction study taken on December 6, 2012, was abnormal and supportive of right ulnar neuropathy. It also showed moderate right carpal tunnel syndrome.

Gerald Farber, M.D., noted in a February 27, 2013, treatment note that Mr. Poling was injured at work when he was hit in the face with a drum in June of 2012. He reported upper extremity numbness and tingling that had worsened over the past several months. Dr. Farber diagnosed right ulnar neuropathy with evidence of compression at the cubital tunnel as well as at Guyon's canal with denervation changes and muscle atrophy, moderate right carpal tunnel syndrome, and left cubital tunnel syndrome and carpal tunnel syndrome that are mild in nature. He opined that Mr. Poling's symptoms are fairly significant and related to the work injury. Dr. Farber recommended decompression surgery. He requested that the conditions be added to the June 8, 2012, injury.

In a letter dated September 11, 2013, Joseph Grady, M.D., noted that he previously performed an independent medical evaluation of Mr. Poling. In his letter, Dr. Grady stated that the neuropathy is bilateral and occurring in conjunction with bilateral carpal tunnel syndrome. He therefore opined that the ulnar neuropathy is likely the result of ongoing nerve compression, likely at the cubital tunnel, rather than the result of a single episode of trauma. He stated that he found no indication in the record of a direct injury to the ulnar nerve of either arm as a result of the June 8, 2012, injury. He also found no evidence of fracture or scar tissue in either arm.

A January 6, 2014, employee's and physician's report of occupational injury indicates Mr. Poling injured his elbow and wrist while doing preventative maintenance for eight years. He stated that he carried a tool bag on his shoulder and hit his arms and elbows on equipment frequently. The physician's section was completed by Dr. Huffman. She listed the date of initial treatment as September 7, 2012. The diagnoses were headache, cervicalgia, and ulnar nerve injury. Mr. Poling completed an undated form listing the following tasks that he performs in the course of his employment: breaking out glass, carrying a tool bag, doing preventative maintenance on machines causing him to hit his arm and elbows frequently, using grinders, scrubbing pinch rollers, changing parts, using hand drills, and using impact drills.

In a physician questionnaire for carpal tunnel syndrome, Dr. Farber stated that Mr. Poling had a history of neck pain and stiffness. He also had a fall in June of 2012 that involved his arm, shoulder, hand, and wrist. He noted muscle atrophy and tenderness in the right arm. Dr. Farber diagnosed carpal tunnel syndrome and cubital tunnel syndrome. He opined that the conditions were work-related and due to an injury in June of 2012, repetitive motion, heavy gripping of

---

[2] This injury was part of a separate claim numbered 2012038402. Mr. Poling previously requested that carpal tunnel syndrome and right ulnar neuropathy/cubital tunnel syndrome be added to that claim. The Office of Judges affirmed a denial of the request on December 5, 2013.

tools, and other job related activities. He recommended surgery. Dr. Huffman also completed a physician questionnaire for carpal tunnel syndrome in which she found left side tenderness but no muscle atrophy bilaterally. She noted a history of traumatic injury of the fingers, hand, wrist, shoulder, and arm and that Mr. Poling had a history of this from a trauma on June 8, 2012. She diagnosed right carpal tunnel syndrome and right ulnar neuropathy and also recommended surgery. The claims administrator rejected the claim on February 11, 2014. On March 7, 2014, it denied a request for surgical intervention for treatment of carpal tunnel syndrome and ulnar nerve neuropathy.

In a May 21, 2014, statement, Doug Doak, Mr. Poling's supervisor, stated that he had worked with Mr. Poling for seven years. He asserted that Mr. Poling carried a twenty-five pound tool bag on his shoulder. He never reported hitting his arms or elbows while working. He used a belt grinder no more than once a week. He cleaned equipment with a rag, occasionally changed parts, and used a computer every day. Mr. Doak stated that Mr. Poling did not use hand drills very often and very rarely used impact drills.

P. Kent Thrush, M.D., performed an independent medical evaluation on May 29, 2014, in which Mr. Poling indicated that his right arm numbness and pain began approximately four to six weeks after the June 8, 2012, injury. Dr. Thrush diagnosed right cubital tunnel syndrome at the elbow. He also noted mild bilateral carpal tunnel syndrome and mild left cubital tunnel syndrome. He stated that it is not uncommon for individuals in the general population to develop ulnar neuropathy. It is frequently bilateral, as in this case. He also noted that it is not uncommon for the symptoms to be more intense in one area than another. Dr. Thrush opined that Mr. Poling's job description does not include anything that would cause bilateral carpal tunnel syndrome or bilateral ulnar neuropathy. He noted that the cause of carpal tunnel syndrome in the vast majority of people is unknown. He found no repetitive movements sufficient to cause carpal tunnel syndrome or ulnar nerve neuropathy in Mr. Poling's job duties. He therefore concluded that the conditions were not occupationally related.

Mr. Poling testified in a deposition on June 26, 2014, that he worked on the glass line for seven years which entailed breaking out glass for twelve hours a day, five days a week. He then transferred to a different department where he drove a fork truck. After that, he was a maintenance technician which involved working on equipment, doing maintenance, wiping equipment down, using grinders, and using drills. He stated that he hit his arms and elbows on the equipment every time he worked on it. Mr. Poling testified that Mr. Doak has not been with the company long enough to know his job duties and spends most of his days in an office.

On July 17, 2014, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome due to repeated hand use at work over several years. Dr. Guberman opined that the diagnoses were directly caused by Mr. Poling's occupational duties. He stated that he agreed with Dr. Farber that surgery was necessary.

The Office of Judges affirmed the claims administrator's decisions in its December 4, 2014, Order. It found a significant discrepancy in how the injury occurred. Mr. Poling stated in

his report of injury that his elbow and wrist conditions resulted from eight years of carrying a tool bag on his shoulders and hitting his arms and elbows on equipment. However, in the physician's section, Dr. Huffman attributes the conditions to an injury that occurred from facial trauma and neck trauma resulting in headaches, a right elbow injury, and ulnar nerve entrapment. The Office of Judges found that this description of the injury was the same as in claim number 2012038402. In that claim, Dr. Huffman stated in a report of injury that Mr. Poling injured his face, elbow, and neck resulting in facial trauma and headaches. She also noted a right elbow injury resulting in ulnar nerve entrapment. The Office of Judges concluded that Mr. Poling's assertion now that the same diagnoses resulted from eight years of carrying a tool bag and hitting his arms and elbows is not persuasive, and it is not how Dr. Huffman stated the injury occurred. The Office of Judges found a second discrepancy in the physician questionnaire for carpal tunnel syndrome completed by Dr. Huffman on February 12, 2014. She noted a history of injury of the fingers, hand, wrist, shoulder, and arm from a trauma on June 8, 2012. The Office of Judges determined that nothing in the evidentiary record shows a traumatic injury of the fingers, hand, wrist, arm, or shoulder. Mr. Poling alleges that his injury was caused by repetitive motions. Further, the Office of Judges found that while testing showed Mr. Poling may have carpal tunnel syndrome and ulnar neuropathy, he failed to meet his burden of proof to show that the conditions are the result of his employment. Dr. Thrush found that the conditions could not be causally connected to Mr. Poling's occupational duties. Dr. Grady also determined that the conditions were not work related. The Office of Judges found their opinions to be persuasive.

The Board of Review reversed the Office of Judges' Order, held the claim compensable for right carpal tunnel syndrome and right ulnar neuropathy/cubital tunnel syndrome, and granted authorization of the requested surgery on July 13, 2015. The Board of Review determined that Mr. Poling asserted his condition developed over several years from carrying a tool bag on his shoulder; hitting his elbows and arms on equipment; cleaning equipment; and using grinders, hand drills, and impact drills. An EMG was supportive of right ulnar neuropathy and moderate right carpal tunnel syndrome. The Board of Review noted that Drs. Farber, Huffman, and Guberman all attribute his right arm symptoms to his work duties. The Board of Review therefore ultimately concluded that he developed right carpal tunnel syndrome and right ulnar neuropathy/cubital tunnel syndrome in the course of and resulting from his employment. Because Drs. Farber, Huffman, and Guberman all recommended surgical intervention for the right carpal tunnel syndrome and right ulnar neuropathy/cubital tunnel syndrome, it too was authorized.

After review, we agree with the reasoning and conclusions of the Board of Review. Diagnostic testing and treatment notes from multiple doctors show that Mr. Poling suffers from both carpal tunnel syndrome and cubital tunnel syndrome. Three different physicians, including his treating physician, found that the right upper extremity problems were the result of his work duties. The Board of Review committed no reversible error and its conclusions are supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 24, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin